The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Kim L. Cramer and the briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
****************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the North Carolina Workers' Compensation Act.
2. At the time of plaintiff's alleged injury by accident, the employment relationship existed between plaintiff Bruce Brown, and defendant Family Dollar Distribution Center.
3. At the time of plaintiff's alleged injury by accident, Aetna was the carrier on the risk.
4. An Industrial Commission Form 22 was submitted.
5. Plaintiff was out of work from March 31, 1994 until August 2, 1994, and again from January 12, 1995 to February 1, 1995.
****************
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On January 18, 1994 plaintiff was a bulk order filler employed with defendant, Family Dollar Distribution Center. He had been employed as a bulk order filler for approximately three years.
2. On January 18, 1994 plaintiff's average weekly wage was $472.06, based on the Form 22 submitted by the defendants. Plaintiff's average weekly wage yields a compensation rate of $314.86.
3. As bulk order filler, plaintiff spent approximately 25% of his time in "conveyable" where he took merchandise off pallets and put it on a conveyor belt. He spent approximately 75% of his time in non-conveyables where he drive a motorized vehicle called a "tugger."
4. The tugger was operated using hand controls. The "tugger" had handle bars similar to the type of V-shaped brakes found on a bicycle. To stop or start the tugger, plaintiff was required to squeeze and turn the hand controls.
5. On January 18, 1994 plaintiff was operating the tugger to move merchandise. As he was going down an aisle shelving material came off a roller overhead, fell and struck plaintiff in the shoulder. The material weighed about three to four pounds. Plaintiff was startled and twisted the controls on the tugger to stop it. He felt a pop in his right wrist and it began to hurt.
6. On or about January 18, 1994 plaintiff sustained an accident arising out of and in the course of his employment when some shelving material fell and struck him in the shoulder while he was operating the tugger.
7. Plaintiff was seen by Dr. David Kingery at the Miller Orthopedic Clinic on January 27, 1994. Dr. Kingery first diagnosed a strain of the right dorsal wrist with mild tendonitis, but in later follow-up, Dr. Kingery found persistent arm pain which suggested cubital tunnel syndrome, and he referred plaintiff to his colleague, Dr. Boatright.
8. Dr. James Boatright at Miller Orthopedic Clinic has seen the plaintiff and determined that plaintiff has Kienbock's disease of the right wrist. Kienbock's disease is a condition in which the blood supply to the lunate bone in the wrist is impaired. Although plaintiff had ulnar minus variance, a predisposing factor for Kienbock's disease, plaintiff's Kienbock's disease was asymptomatic, undiagnosed and non-disabling prior to his accident of January 18, 1994.
9. Following his accident of January 18, 1994, plaintiff required surgery and placement of a plate in his right wrist, and was disabled from employment as a result of his accident from March 31, 1994 to August 2, 1994, and again from January 12, 1995 to February 1, 1995. This Commission finds plaintiff has proven by the greater weight of the evidence that the accident materially aggravated or accelerated his previously asystematic, undiagnosed Kienbock's disease, and proximately contributed to the onset of his disability.
10. The issue of permanent partial disability will be determined at a later date after a rating of plaintiff's permanent impairment, if any, is given.
****************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On January 18, 1994 plaintiff sustained an accident arising out of and in the course of his employment when some shelving materials fell off a roller overhead and struck him on the shoulder. This accident resulted in injury to plaintiff. Plaintiff has proven by the greater weight of the evidence that the accident materially aggravated or accelerated his previously asymptomatic, undiagnosed Kienbock's disease, and proximately contributed to the onset of his disability. N.C.G.S. § 97-2.Buck v. Proctor and Gamble Manufacturing Company,52 N.C. App. 88, 278 S.E.2d 268 (1981).
2. Since plaintiff has shown that the accident of January 18, 1994 resulted in a compensable injury to his right wrist, he is entitled to temporary total disability benefits. N.C.G.S. § 97-29.
3. Plaintiff is entitled to payment of all medical expenses by defendants as a result of his compensable injury on January 18, 1994, for as long as such examinations, evaluations and treatments may reasonably be required to effect a cure, give relief, or will tend to lessen plaintiff's period of disability. N.C.G.S. § 97-25.
4. The issue of permanent partial disability will be determined at a later date after a rating of plaintiff's impairment, if any, is given. N.C.G.S. § 97-31.
****************
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. The defendant shall pay temporary total disability compensation at the rate of $314.86 per week during his period of temporary disability, which the parties have stipulated occurred between March 31, 1994 and August 2, 1994, and again between January 12, 1995 and February 1, 1995.
2. Defendant shall pay all medical expenses incurred, or to be incurred, by plaintiff as a result of his compensable injury on January 18, 1994, for so long as such examinations evaluations, and treatments may reasonably be required to effect a cure, give relief or tend to lessen plaintiff's period of disability, when the bills for same have been submitted through defendant to the Industrial Commission and approved by the Commission.
3. The issue of permanent partial disability will be determined at a later date after a rating of plaintiff's impairment, if any, is given.
4. An attorney's fee in the amount of 25% of the award is hereby APPROVED for plaintiff's counsel. Said amount shall be deducted from the aforesaid award and paid directly to plaintiff's counsel.
5. Defendants shall pay the costs.
FOR THE FULL COMMISSION
 S/ _____________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ _____________________ LAURA K. MAVRETIC COMMISSIONER
S/ _____________________ DIANNE C. SELLERS COMMISSIONER
CMV/cnp/mj